UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

v.   Case No. 2:10-cr-21
     HON. R. ALLAN EDGAR

SCOTT EDWARD SIPPOLA and
ALLISON LENORE COSS,

    Defendants.
_____/

**MEMORANDUM AND ORDER**

Defendant Scott Edward Sippola moves to suppress post-arrest statements that he made to FBI agents on December 2, 2009. [Doc. No. 13]. Magistrate Judge Timothy P. Greeley held an evidentiary hearing, and submitted a report and recommendation. [Doc. No. 34]. It is recommended that the motion to suppress be granted. After reviewing the record *de novo*, the Court accepts and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

When he was arrested on December 2, 2009, defendant Sippola was immediately advised of his *Miranda* rights in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966). Sippola clearly and unequivocally invoked his Fifth Amendment right against self-incrimination. Sipplola said that he was not willing to answer the questions of law enforcement officers.

A few moments later, FBI Special Agent Jay Johnston arrived at the scene and took control over the arrest. FBI Agent Johnston was informed by a police officer that Sippola had invoked his

right to remain silent and decided not to answer any questions. Sippola was placed inside an automobile where he was joined by FBI Agent Johnston and FBI Special Agent David Kowalski. FBI Agent Johnston again advised Sippola of his *Miranda* rights. FBI Agent Johnston then sought to convince Sippola to waive his right to remain silent so that the FBI agents could interrogate Sippola and get him to answer questions. In response to the initiatives taken by FBI Agent Johnston, Sippola made statements to the FBI Agents.

The period of time that elapsed between Sippola's initial assertion of his Fifth Amendment right to remain silent when he was arrested and FBI Agent Johnston's actions to request or convince Sippola to waive his right to remain silent was extraordinarily short, approximately five minutes. In the absence of any indication by Sippola that he had changed his mind and was willing to answer questions, FBI Agent Johnston was not permitted to resume efforts to question Sippola so quickly.

Based on the totality of the facts and circumstances in this case, as set forth in the report and recommendation, the Court finds that FBI Agent Johnston did not "scrupulously honor" Sippola's decision to invoke his Fifth Amendment right to remain silent and cut off questioning by law enforcement officers. *Michigan v. Mosley*, 423 U.S. 96, 102-104 (1975). "To permit the continuation of custodial interrogation after a momentary cessation would clearly frustrate the purposes of *Miranda* by allowing repeated rounds of questioning to undermine the will of the person being questioned." *Id*. at 102; *see also Davie v. Mitchell*, 547 F.3d 297, 308-09 (6th Cir. 2008); *United States v. Rambo*, 365 F.3d 906, (10th Cir. 2004).

Accordingly, the Court accepts and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1). The motion by defendant Sippola to suppress the post-arrest statements that he

made to the FBI agents on December 2, 2009, [Doc. No. 13] is **GRANTED**.

SO ORDERED.

Dated: July 7, 2010.

                                       */s/ R. Allan Edgar*
                                    R. ALLAN EDGAR
                       UNITED STATES DISTRICT JUDGE